J. A. ROSSBACH, APPELLANT, V. GRAHAM MICKS, APPELLEE.

FILED SEPTEMBER 25, 1911.   No. 16,527.

1. Mortgages: EXECUTION OF SECOND MORTGAGE TO CORRECT MISTAKE. Where parties to a recorded mortgage execute a second one on the same realty for the same amount to secure the same debt for the sole purpose of correcting a mistake in the first, and so express themselves in the body of the second instrument, its effect, when recorded, is to supersede the first, and the two constitute one mortgage, nothing having intervened to impair mortgagee's security.

2. Specific Performance: SALE OF LAND: NONPERFORMANCE OF CONTRACT. Where failure to convey land under an executory contract of sale is due solely to the refusal of the purchaser to pay or tender the stipulated purchase price according to the terms of his agreement, he is not entitled to specific performance or. to damages for breach of contract.

APPEAL from the district court for Greeley county: JAMES R. HANNA, JUDGE. *Affirmed.*

*J. B. Barry, I. L. Albert, J. J. Sullivan* and *Willis E. Reed,* for appellant.

*J. R. Swain, T. P. Lanigan* and *J. M. Lanigan, contra.*

ROSE, J.

Specific performance of a contract obligating defendant to convey to plaintiff a half section of land in Greeley county, or the recovery of damages for failure to do so, is the relief sought in the petition. The contract was dated

October 20, 1906, and may be summarized thus: Defendant agreed to convey by warranty deed title in fee simple, clear of all incumbrances. The purchase price was $12,000, plaintiff paying $250 down and agreeing to pay the remainder, subject to a mortgage of $6,000, March 1, 1907. These payments were conditions precedent to the conveyance, and the failure of plaintiff to make either was defendant's authority to declare a forfeiture of the contract and to retain as liquidated damages all payments made. Plaintiff did not pay or tender as purchase money any sum except the cash payment, and defendant did not execute the deed required by the contract. Under issues raised by the pleadings, the trial court, upon consideration of the evidence of both parties, found that plaintiff did not perform his part of the contract, and that by reason of such default defendant declared a forfeiture thereof. A decree dismissing plaintiff's action followed, and defendant was allowed to retain as liquidated damages the amount received by him on the purchase price. Plaintiff has appealed.

Before the time for performance had expired defendant submitted to plaintiff an abstract of title. It contained a reference to a mortgage executed by defendant in favor of John M. Hardy for $3,000, in addition to the incumbrance of $6,000 mentioned in the contract of purchase pleaded in the petition. In this connection plaintiff argues: March 1, 1907, and afterward, the record of the additional mortgage was a defect which prevented defendant from conveying the title purchased. Plaintiff was ready and willing to pay the purchase price, but was not required to do so or to make a tender thereof, since defendant refused to perfect his title and allowed it to remain in the condition described. The additional mortgage should have been released of record or canceled by a decree of court. By refusing to convey the title purchased, defendant was in default and could not require payment or a tender. Unless plaintiff is right in the position thus taken, there is no merit in his appeal.

The abstract of title submitted to plaintiff is in the record. Entry 26 relates to the 3,000-dollar mortgage in controversy. Defendant and wife are grantors and John M. Hardy is grantee. In the column under remarks this note is inserted: "Substituted by 27." Entry 27 is a duplicate of 26, with these exceptions: "James Hardy" instead of "John M. Hardy" is grantee, and the date of acknowledgment and the name of the notary are different. The remarks in entry 27 are: "Made to take the place of 26. See note 1 on back." The note last cited reads thus: "Clause contained in 27—mortgage from Graham Micks and wife to James Hardy: 'This mortgage is made in lieu of and to take the place of another certain mortgage of the same date, on the same land, for the same amount, by the same parties, to John M. Hardy, whose real and correct name is James Hardy, and the real and true mortgagee in both instruments.'" Both mortgages were made by the same parties to secure the same debt, and the second was executed to correct a mistake in the first. It was the purpose of the parties to substitute the second mortgage for the first, and the effect was to release the erroneous lien. The mortgage records so show. Plaintiff, however, argues: The parties to the corrected mortgage could only bind themselves by their contract, and there is nothing on the public records except their agreement to show that a John M. Hardy is not in fact the original mortgagee instead of James Hardy. If he is, he cannot be deprived of his lien by the contract of the parties to the later mortgage. This argument is refuted by evidence adduced at the trial. Defendant testified without objection that he was ready, able and willing to convey a good title March 1, 1907; that he would have done so had the purchase price been paid; that he had a conversation with plaintiff's attorney in relation to the mortgages and told him that the man who drew the first mortgage made a mistake, there being in fact only one mortgage; that defendant told him he had the mortgages and notes in his posses-

sion to show there was really only one mortgage. When asked what the attorney said, defendant replied: "He said that was all right; and of course he expected, when we made the deal, I would turn these notes and mortgages over to him." Defendant also testified that he notified plaintiff March 2, 1907, to put up at least $1,000, giving him until March 5 to do so. There is no reason to disbelieve this testimony and it is accepted as the truth. It is sufficient to show, when considered with both mortgages, that the first would not prevent defendant from conveying a good title. By refusing to make the stipulated payments or a deposit or a tender, plaintiff was in default and is not entitled to specific performance or to damages. Where failure to convey land under an executory contract of sale is due solely to the refusal of the purchaser to pay or tender the stipulated purchase price according to the terms of his agreement, he is not entitled to specific performance or to damages for breach of contract. Under this elementary principle plaintiff's suit was properly dismissed.

The trial court also ruled correctly in allowing defendant to retain as liquidated damages the 250-dollar payment on the purchase price. Defendant believed in the good faith of plaintiff, procured an abstract of title, and prepared to vacate his farm. He sought a new home, sold part of his stock in contemplation of the change, and was otherwise damaged.

AFFIRMED.

SEDGWICK, J., not sitting.